UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | |
|---|---|
| KEVIN ANTHONY DICKSON, JR., #452241, | ) ) ) |
| *Plaintiff*, | ) ) ) |
| v. | ) No.: 3:14-cv-316-PLR-CCS ) |
| PHYLLIS PENNINGTON, RHONDA ARMS, STATE OF TENNESSEE, TENNESSEE DEPARTMENT OF CORRECTION, MORGAN COUNTY CORRECTIONAL COMPLEX, and DAVID SEXTON, | ) ) ) ) ) ) ) |
| *Defendants*. | ) |

## MEMORANDUM AND ORDER

The Court is in receipt of a *pro se* prisoner's civil rights complaint under 42 U.S.C. § 1983 and an application to proceed *in forma pauperis*. It appears from the application that the plaintiff lacks sufficient financial resources to pay the $350.00 filing fee. Accordingly, pursuant to 28 U.S.C. § 1915, the Clerk is **DIRECTED** to file this action without the prepayment of costs or fees or security therefor as of the date the complaint was received. However, for the reasons stated below, process shall not issue and this action is **DISMISSED**.

In order to state a claim under 42 U.S.C. § 1983, plaintiff must establish that he was deprived of a federal right by a person acting under color of state law. *Black v.*

*Barberton Citizens Hospital*, 134 F.3d 1265, 1267 (6th Cir. 1998); *O'Brien v. City of Grand Rapids*, 23 F.3d 990, 995 (6th Cir. 1994); *Russo v. City of Cincinnati*, 953 F.2d 1036, 1042 (6th Cir. 1992). *See also Braley v. City of Pontiac*, 906 F.2d 220, 223 (6th Cir. 1990) ("Section 1983 does not itself create any constitutional rights; it creates a right of action for the vindication of constitutional guarantees found elsewhere.").

Under the Prison Litigation Reform Act (PLRA), district courts must screen prisoner complaints and sua sponte dismiss those that are frivolous or malicious, fail to state a claim for relief, or are against a defendant who is immune. *See, e.g., Benson v. O'Brian*, 179 F.3d 1014 (6th Cir. 1999).

> Responding to a perceived deluge of frivolous lawsuits, and, in particular, frivolous prisoner suits, Congress directed the federal courts to review or "screen" certain complaints sua sponte and to dismiss those that failed to state a claim upon which relief could be granted, that sought monetary relief from a defendant immune from such relief, or that were frivolous or malicious.

*Id*. at 1015-16 (6th Cir. 1999) (citing 28 U.S.C. §§ 1915(e)(2) and 1915A).

Plaintiff is in the custody of the Tennessee Department of Correction (TDOC) and confined in the Morgan County Correctional Complex (MCCX). The defendants are the State of Tennessee, the TDOC, the MCCX, MCCX Warden David Sexton, and job coordinators Phyllis Pennington and Rhonda Arms. The Court notes at the outset that the State of Tennessee, the TDOC, and the MCCX are not suable under § 1983. *See Alabama v. Pugh*, 438 U.S. 781, 782 (1978) ("suit against the State and its Board of Corrections is barred by the Eleventh Amendment"); *see also Berndt v. State of*

2

Case 3:14-cv-00316-PLR-CCS   Document 3   Filed 07/17/14   Page 2 of 5   PageID #: 94

*Tennessee*, 796 F.2d 879, 881 (6th Cir. 1986) (the State and its agencies are immune from suit under the Eleventh Amendment).

Plaintiff states that he is "a Sovereign American National." [Doc. 1, Complaint, p. 1]. He alleges that on June 4, 2014, defendants Pennington and Arms removed him from a carpentry job and assigned him to kitchen helper without first consulting with him. According to plaintiff, he never asked to be put on the job register for any of the jobs at MCCX because of a pending habeas case. He alleges that the defendants "abused their authority by assuming/presuming that plaintiff is legally/lawfully a 'person' filling the office as an 'inmate/prisoner'" in violation of his constitutional rights. [*Id*. at 2]. Plaintiff also claims that he is not a "statutory 'person'" who is subject to government control and that he has been subjected to "involuntary servitude, forced labor, and peonage." [*Id*. at 3]. Based upon the attachments to the complaint, the petitioner considers himself a "sovereign" citizen over whom "man-made laws" have no authority. [*Id*., Exhibit D, Affidavit of Truth, p. 1]. He also objects to the use of social security numbers, driver's licenses, state license plates, tax returns, birth certificates, marriage licenses, voter registrations, and state zip codes. [*Id*. at 4-7].

Plaintiff's complaint lacks merit. The fact that he has been assigned a prison job does not violate his constitutional rights. *See, e.g.*, *Dmytryszyn v. Hicklooper*, 527 F. App'x 757, 760 (10th Cir. 2013) (prisoner's rights were not violated when he was required to work pursuant to prison policy); *Hale v. State of Arizona*, 993 F.2d 1387, 1394 (9th Cir. 1993) ("Convicted criminals do not have the right freely to sell their labor and are not protected by the Thirteenth Amendment against involuntary servitude.");

3

*Newell v. Davis*, 563 F.2d 123, 124 4th Cir. 1977) (no 13th amendment violation of prohibition against involuntary servitude when prisoner forced to work without pay); *Draper v. Rhay*, 315 F.2d 193, 197 (9th Cir. 1963) ("There is no federally protected right of a state prisoner not to work while imprisoned after conviction.").

Although this Court is mindful that a *pro se* complaint is to be liberally construed, *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972), it is quite clear that the plaintiff has not alleged the deprivation of any constitutionally protected right, privilege or immunity, and, therefore, the Court finds his claims to be frivolous under 28 U.S.C. §§ 1915(e) and 1915A. It appears beyond doubt that plaintiff can prove no set of facts which would entitle him to relief, *Malone v. Colyer*, 710 F.2d 258 (6th Cir. 1983), and that plaintiff's claim lacks an arguable basis in law and fact, *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Therefore, this action is **DISMISSED** *sua sponte*, as frivolous and for failure to state a claim upon which relief can be granted under § 1983. The Court **CERTIFIES** that any appeal from this action would not be taken in good faith and would be totally frivolous. *See* Rule 24 of the Federal Rules of Appellate Procedure.

Because the plaintiff is in the custody of the Tennessee Department of Correction, he is herewith **ASSESSED** the civil filing fee of $350.00. Pursuant to 28 U.S.C. § 1915(b)(1)(A) and (B), the custodian of the plaintiff's inmate trust account at the institution where he now resides is directed to submit to the Clerk, U.S. District Court, 800 Market Street, Suite 130, Knoxville, Tennessee 37902, as an initial partial payment, whichever is greater of:

(a) twenty percent (20%) of the average monthly deposits to the plaintiff's inmate trust account; or

(b) twenty percent (20%) of the average monthly balance in the plaintiff's inmate trust account for the six-month period preceding the filing of the complaint.

Thereafter, the custodian shall submit twenty percent (20%) of the plaintiff's preceding monthly income (or income credited to the plaintiff's trust account for the preceding month), but only when such monthly income exceeds ten dollars ($10.00), until the full filing fee of three hundred fifty dollars ($350.00) as authorized under 28 U.S.C. § 1914(a) has been paid to the Clerk. 28 U.S.C. § 1915(b)(2).

The Clerk is **DIRECTED** to send a copy of this Memorandum and Order to the Warden of the Morgan County Correctional Complex, the Commissioner of the Tennessee Department of Correction, and the Attorney General for the State of Tennessee to ensure that the custodian of the plaintiff's inmate trust account complies with that portion of the Prison Litigation Reform Act relating to payment of the filing fee. The Clerk is further **DIRECTED** to forward a copy of this Memorandum and Order to the Court's financial deputy.

**E N T E R :**

_____
**UNITED STATES DISTRICT JUDGE**